**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

| | |
|---|---|
| SKY MANAGEMENT CORP., <br> a New York corporation, individually and as the <br> representative of a class of similarly situated persons, <br><br> Plaintiff, <br><br> v. <br><br> BEACON CAPITAL FUNDING, PAUL HUGHES, <br> AND JOHN DOES 1-100, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.: 15-cv-7588

**CLASS ACTION COMPLAINT**

-------------------------------------------------------------------

Plaintiff, SKY MANAGEMENT CORP., a New York corporation ("Plaintiff" or "Sky

Management"), brings this action on behalf of itself and all other persons similarly situated,

through its attorneys, and except as to those allegations that pertain to Plaintiff or its attorneys,

which allegations are based upon personal knowledge, alleges the following upon information

and belief against Defendants BEACON CAPITAL FUNDING ("Beacon Capital"), PAUL

HUGHES ("Hughes"), and  JOHN DOES 1-10 (collectively, "Defendants").

## PRELIMINARY STATEMENT

1.      This action seeks to redress Defendants' unlawful policy and practice of faxing

unsolicited advertisements to recipients who have not authorized the receipt of such intrusive and

burdensome communications.

2.      The federal Telephone Consumer Protection Act, 47 U.S.C. § 227, as amended

by the Junk Fax Prevention Act of 2005 (together, the "TCPA"), and the regulations promulgated

thereunder, prohibit a person or entity within the United States from sending or having an agent

send unsolicited faxed advertisements.

3.      The TCPA provides a private right of action for violations and provides statutory damages of $500.00 per violation. and up to $1,500.00 per intentional violation.

4.      Congress enacted the TCPA to prevent, *inter alia*, the faxing of unsolicited advertisements to persons who have not provided invitation or permission to receive such faxes. Congress believed that unsolicited fax advertisements improperly shift advertising costs to the unwilling fax recipients and interfere with the use of fax machines by these recipients, who are consumers and businesses.

5.      Unsolicited faxed advertisements cause damage to their recipients. The recipient of a junk fax loses the use of its fax machine, paper, and ink toner. An unsolicited fax also causes the recipient to waste valuable time it would have spent engaged in other activities.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

6.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA and New York's General Business Law.

### JURISDICTION AND VENUE

7.      This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227 ("TCPA").

8.      This Court also has diversity jurisdiction over this action under 28 U.S.C. § 1332(d) in that, upon information and belief, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which the Plaintiff is a citizen of a state different from Defendants.

2

9.      Venue and personal jurisdiction in this District are proper because a significant portion of the events took place here, and Defendants all regularly engaged in business activities within the District.

10.     Statutory damages for each of Defendants' violations of the TCPA are available in this District under the Second Circuit's most recent pronouncement on the issue. *See Bank v. Independence Energy Group LLC*, 736 F.3d 660 (2d Cir. 2013).

## PARTIES

11.     Plaintiff Sky Management is a New York corporation that has its principal place of business in New York County, New York.  Plaintiff Sky Management is in the business of owning and managing rental properties in New York City.  Plaintiff is, and all times mentioned herein was, a "person" as defined in 47 U.S.C. §153(39).

12.     Upon information and belief, Defendant Beacon Capital Funding is a corporation with its principal place of business at 5013 E. Washington St., Bldg 1A Phoenix, AZ 85034-2028.  Defendant Beacon Capital purports to be a "well-established and highly accredited equipment financing company" engaged in, *inter alia*, "equipment leasing and financing services."  (*See* http://www.beaconcapitalfunding.com/about-us.html (last visited on September 24, 2015).)  Defendant Beacon Capital is, and all times mentioned herein was, a "person" as defined in 47 U.S.C. §153(39).

13.     Upon information and belief, Defendant Paul Hughes, is an individual residing in Arizona.  Upon information and belief, Hughes is the vice president of sales and controls Defendant Beacon Capital.  Defendant Hughes is, and at all times mentioned herein was, a "person" as defined in 47 U.S.C. §153(39).

14.     At all times material to this Complaint, acting alone or in concert with others,

3

upon information and belief, Hughes has formulated, directed, controlled, had the authority to control, or participated in the acts and practices alleged herein.  Upon information and belief, Hughes transacted business personally and on behalf of Beacon Capital in this district and throughout the United States.

15.     Upon information and belief, Hughes has exercised complete dominion and control over Beacon Capital such that this company is his alter ego, a sham, façade, and mere instrumentality for his personal benefit, and he has disregarded and abused the corporate form and structure of the company.

16.     Upon information and belief, Defendants John Does 1-100 are fax broadcasters that assisted Beacon Capital with the faxing of the subject unsolicited fax advertisement.

### DEFENDANTS' UNLAWFUL ACTIONS

17.     Upon information and belief, Defendant Beacon Capital "provides a full portfolio of equipment leasing and financing programs. Our primary market is in the small and middle ticket transaction size, which range from $10,000 to $5,000,000." (*See* https://www.linkedin.com/pub/paul-hughes/a0/270/467 (last visited on September 24, 2015).)

18.     As part of Beacon Capital's marketing strategy, Defendants unlawfully sent Plaintiff and numerous other unsuspecting recipients unsolicited faxes advertising "Equipment Financing Approval."

19.     Defendants' deceptive sales strategy asserted that Beacon Capital had "approval, contingent on purchase, from late last year that was never used" for business loans.  If the fax recipient would only contact Defendants, so the fax claimed, Defendants would "get . . . [the fax recipient] reapproved in seconds and funds available in 24 hours."  The purported financing could be used for "buying any business equipment, vehicles, or . . . working capital . . ."  The

fax promised "approv[al] in seconds, with the lowest finance rates guaranteed!" The fax even contained a purportedly personalized note from Defendant Hughes breathlessly claiming the process involved "No commitments, no hassles, and no money upfront!" The fax also promises that Defendants exercise "wide credit latitude."

20.     On or about August 11, 2015, Defendant Beacon Capital sent, or caused to be sent, by facsimile machine an unsolicited advertisement to Plaintiff's facsimile machine promoting its "Equipment Financing Approval." A copy of the facsimile is attached hereto and marked as Exhibit A (hereinafter, the "Faxed Advertisement").

21.     Plaintiff received the Faxed Advertisement on its facsimile machine, which has the number (212) 759-5229.

22.     Upon information and belief, the Faxed Advertisement was sent as part of a mass broadcasting of faxes to promote Defendant Beacon Capital's "Equipment Financing Approval" advertising campaign.

23.     The facsimile is clearly from Defendants, as it bears Defendants' name, address, phone number, toll-free number, email, title, and fax number.

24.     Plaintiff had no prior relationship with Defendants and had not authorized the sending or receipt of the Faxed Advertisement to Plaintiff's facsimile machine.

25.     Upon information and belief, Defendants sent the Faxed Advertisement to numerous persons either on their own or utilizing the assistance of a third-party fax broadcaster.

26.     Upon information and belief, Defendants Beacon Capital and Hughes, as part of Beacon Capital's system-wide marketing, have sent unsolicited and unauthorized facsimile advertisements identical or similar to the Faxed Advertisement received by Plaintiff to hundreds if not thousands of other recipients.

27.     Upon information and belief, Defendants intend to continue to send similar unsolicited fax advertisements to persons in New York and throughout the United States.

28.     Upon information and belief, Defendants John Does 1-100 were highly involved in the dissemination of Defendants Beacon Capital's and Hughes' Faxed Advertisement.

29.     There is no reasonable means for Plaintiff or other recipients of Defendants' unsolicited advertising faxes to avoid receiving such unwanted faxes. Fax machines are left on and ready to receive the time sensitive communications authorized by their owners.

## CLASS ACTION ALLEGATIONS

### A.  The Class.

30.     Plaintiff brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of itself and all others similarly situated.

31.     Plaintiff proposes the class and sub-class defined as follows:

> All persons who, within four years before the filing of the initial Complaint, received at least one unsolicited facsimile containing an advertisement that was initiated by or was sent on behalf of Defendant Beacon Capital promoting its business, with whom Defendants did not have an established business relationship or with whom Defendants did not obtain prior express permission to send a fax (hereinafter, the "Class").

> All persons within the State of New York who, within four years before the filing of the initial Complaint, received at least one unsolicited facsimile containing an advertisement that was initiated by or was sent on behalf of Defendant Beacon Capital promoting its business, with whom Defendants did not have an established business relationship or with whom Defendants did not obtain prior express permission to send a fax (hereinafter, the "Sub-Class").

> Excluded from the Class and the Sub-Class are Defendants, their officers, directors, employees, agents, and members of the Judiciary.

6

**B.     Numerosity.**

32.     The Faxed Advertisement is a mass-faxed form advertisement. Therefore, the members of the Class and Sub-Class are believed to be so numerous that joinder of all members is impractical.

33.     Upon information and belief, Defendants faxed thousands of unsolicited advertisements identical or similar to the Faxed Advertisement.

34.     The exact number and identity of the class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendants' records.

35.     Plaintiff reasonably believes that there are thousands of persons who are members of the Class and Sub-Class.

**C.     Common Questions of Law and Fact.**

36.     Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include but are not limited to the following:

(a)     Whether Defendants, or their agents, affiliates, and/or others acting on their behalf, sent unsolicited fax advertisements;

(b)     Whether Defendants' facsimiles advertised the commercial availability of property, goods or services;

(c)     The manner and method Defendants, or their agents, affiliates, and/or others acting on their behalf, used to compile or obtain the list of fax numbers to which it sent Exhibit A and other identical or similar unsolicited faxed advertisements;

(d)     Whether Defendants, or their agents, affiliates, and/or others acting on their behalf, faxed advertisements without first obtaining the recipients' prior

permission or invitation;

(e)    Whether Defendants, or their agents, affiliates, and/or others acting on their behalf, sent the faxed advertisements knowingly;

(f)    Whether Defendants violated the provisions of 47 U.S.C. § 227;

(g)    Whether Plaintiff and the other members of the Class and Sub-Class are entitled to statutory damages; and

(h)    Whether the Court should award treble damages.

**D.   Typicality.**

37.    Plaintiff's claims are typical of the claims of the class members since each of the claims arises from receipt of a fax transmission identical or substantially similar to the Faxed Advertisement annexed hereto as Exhibit A.

38.    Plaintiff is making the same claims and seeking the same relief for itself and all class members based on the same federal statute, and for the members of the Sub-Class on the same New York State statute.

**E.   Fair and Adequate Representation.**

39.    Plaintiff will fairly and adequately represent and protect the interests of the Class and Sub-Class.  It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class and Sub-Class.

**F.   Need for Consistent Standards and Practical Effect of Adjudication.**

40.    Class certification is appropriate because the prosecution of individual actions by class members would:  (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendants, and/or (b) as a practical matter, adjudication of Plaintiff's claims will be dispositive of the interests of class members who are not parties.

**G.**      **Common Conduct.**

41.      Class certification is also appropriate because Defendants have acted in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. Plaintiff demands such relief as authorized by 47 U.S.C. § 227.

**H.**   **Predominance and Superiority.**

42.      Common questions of law and fact predominate and a class action is superior to other methods of adjudication:

(a)      Proof of the claims of Plaintiff will also prove the claims of the Class and Sub-Class without the need for separate or individualized proceedings;

(b)      Evidence regarding defenses or any exceptions to liability that Defendants may assert and prove will come from Defendants' records and will not require individualized or separate inquires or proceedings;

(c)      Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d)      The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

(e)      This case is inherently managed as a class action in that:

(i)      Defendants identified persons or entities to receive the fax transmissions, and it is believed that Defendants' computer and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii)      Liability and damages can be established for Plaintiff and the Class and

Sub-Class with the same common proof;

(iii)    Statutory damages are provided for in the statutes and are the same for all class members and can be calculated in the same or a similar manner:

(iv)    A class action will result in an orderly and expeditious administration of claims, and it will foster economics of time. effort and expense;

(v)    A class action will contribute to uniformity of decisions concerning Defendants' practices; and

(vi)    As a practical matter, the claims of the Class and Sub-Class are likely to go unaddressed absent class certification.

**COUNT I - TCPA**

43.    Plaintiff incorporates the above listed paragraphs as if set forth herein.

44.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C).

45.    The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property. goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

46.    The TCPA provides:

3.    Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such

10

violation, whichever is greater, or

(C)     Both such actions.

47 U.S.C. § 227(b)(3).

47.     The TCPA is a strict liability statute, so Defendants are liable to Plaintiff and the other class members even if their actions were only negligent and lacked intent.

48.     Plaintiff and the other class members did not give an invitation or permission to Defendants Beacon Capital, Hughes, or anybody else to fax advertisements to Plaintiffs about Defendant Beacon Capital's goods or services.

49.      Plaintiff and the other class members did not have an established business relationship with Defendants.

50.     Defendants knowingly and willfully violated the TCPA by transmitting Exhibit A, an advertisement, or an unsolicited advertisement substantially similar thereto, to Plaintiff and the other members of the Class without obtaining their prior permission or invitation.

## COUNT II – NEW YORK GBL § 349

51.     Plaintiff incorporates the above listed paragraphs as if set forth herein.

52.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

53.     Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL § 349.

54.     The actions of Defendants, or their agents, affiliates, and/or others acting on their behalf, caused damages to Plaintiff and the other members of the Sub-Class.  Receiving Defendants' junk faxes caused the recipients to lose paper and ink or toner consumed in the

11

printing of Defendants' faxes.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and each class member and against Defendants as follows:

        a.    As to Count I, that the Court adjudge and decree that the present case may be properly maintained as a class action for Defendants' violation of the TCPA, such Class consisting of all persons who received the Faxed Advertisement or an unsolicited faxed advertisement identical or substantially similar thereto; appoint Plaintiff as the representative of the Class: and appoint Plaintiff's counsel as counsel for the Class;

        b.    As to Count II, that the Court adjudge and decree that the present case may be properly maintained as a class action for Defendants' violation of New York GBL § 349, such Sub-Class consisting of all persons who received the Faxed Advertisement or an unsolicited faxed advertisement identical or substantially similar thereto to a fax machine located in New York; appoint Plaintiff as the representative of the Sub-Class; and appoint Plaintiff's counsel as counsel for the Sub-Class;

        c.    Actual or statutory damages under the TCPA;

        d.    Treble damages under the TCPA;

        e.    Actual or statutory damages under New York GBL § 349;

        f.    Treble damages under New York GBL § 349;

        g.    An injunction against the further transmission of unsolicited faxes;

        h.    Reasonable attorneys' fees;

i.      Costs of suit; and

j.      Such other or further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all

issues in this action so triable as of right.

Dated:   White Plains, New York
         September 25, 2015

DENLEA & CARTON LLP

/s/ Jeffrey I. Carton
Jeffrey I. Carton (JC8296)
Myles K. Bartley (MB8431)
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
Tel.: (914) 331-0100
Fax: (914) 331-0105
jcarton@denleacarton.com
mbartley@denleacarton.com
*Attorneys for Plaintiff*

13